UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20476-CIV-MORENO
MAGISTRATE JUDGE REID

ROBERT PAUL MCCRAY,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Movant, Robert Paul McCray, a federal prisoner has filed a *pro se* Motion to Set-Aside Judgment and Vacate Sentence pursuant to 28 U.S.C. § 2255. ("Motion") (DE #1). The Movant is attacking his sentence entered in Case No. 14-CR-20470-MORENO.[1]

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S. D.

---

[1] When the Court is referring to documents filed in the underlying criminal case, it will use the abbreviation "CR" in its citations to the record.

1

Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

## I. History

The Court has reviewed the Motion and all pertinent portions of the underlying criminal file, Case No. 14-CR-20470-MORENO. The relevant procedural history is not in dispute.

On June 24, 2014, the Movant was indicted for one count of False Claim of United States Citizenship to Obtain a State Benefit. (CR - DE #3 at 3). On October 14, 2014, Movant changed his prior plea of not guilty to guilty. (CR - DE #22). On December 22, 2014, the Court sentenced Movant to "Count(s) 1, IMPRISONMENT: 13 Months. SUPERVISED RELEASE: 3 Years. ASSESSMENT: $100.00." (CR - DE #26). Movant did not file a Notice of Appeal nor did he seek certiorari in the United States Supreme Court. According to the Movant, after serving his 2014 sentence, he was deported from the United States. However, on August, 3, 2017, the Movant was re-arrested in the Southern District of Florida. Case No. 17-CR-20552-MORENO. He is currently serving his 2017 sentence in a detention facility located in the State of Texas. He filed this motion on February 5, 2019. (DE #1).

## II. Discussion

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court that imposed sentence to vacate, set aside or correct the sentence if it was

imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. A judge may dismiss the § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." RULE 4(B) OF THE RULES GOVERNING SECTION 2255 CASES IN THE UNITED STATES DISTRICT COURTS[2]; see also 28 U.S.C. § 2243.[3] Upon review of the Motion with supporting memorandum of law, along with pertinent portions of the underlying criminal file, it is apparent that this Court has no jurisdiction over the conviction and sentence

---

[2] RULE 4 OF THE RULES GOVERNING SECTION 2255 CASES provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party....

RULES GOVERNING SECTION 2255 CASES, RULE 4(b). A district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision. *Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

[3] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application* that the applicant or person is not entitled thereto.

28 U.S.C. §2243.

under attack in that Movant has filed this Motion beyond the applicable limitations period as set forth in 28 U.S.C. § 2255(f).

Courts may *sua sponte* consider the issue of the timeliness of a motion to vacate. *Day v. McDonough*, 547 U.S. 198, 199 (2006)(holding that District courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the pre-answer, initial screening stage of the habeas proceeding). Since it appears that summary dismissal is warranted, and Movant is not entitled to postconviction relief, the Respondent has not been required to file a response to the motion to vacate.[4]

### III.  Analysis

The above-referenced procedural history of this case reveals that this Motion to vacate should be dismissed as untimely filed.[5] Generally, § 2255 motions must be filed within one-year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Section 2255(f) sets a one-year limitations period running from the latest of:

---

[4] Upon full and careful review of the Motion and supporting memorandum of law, along with pertinent portions of the underlying criminal file, it became apparent that *sua sponte* summary dismissal is appropriate for the reasons stated herein.

[5] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's pleadings. *Adams v. U.S.*, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this motion to vacate proceeding, Movant's Motion is deemed filed when he handed over his initial pleading to prison authorities for mailing on January 28, 2019 (DE# 1), and not the date his Motion was deemed *filed* on February 5, 2019 by the Clerk of the Court.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Movant filed his Motion more than a year after his conviction became final. The Movant was sentenced on December 22, 2014. The Movant did not file a direct appeal.[6] Therefore, Movant had until March 23, 2015, to seek certiorari review at the United States Supreme Court. He failed to do so. Accordingly, the Movant's conviction and sentence became final for statute of

---

[6] A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari has been finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1987); *accord*, *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002). Once a judgment has been entered by a United States Court of Appeals, a petition for writ of certiorari must be filed within ninety days of the date of entry of the judgment. The ninety-day time period runs from the date of entry of judgment *rather than the issuance of a mandate*. SUP.CT.R. 13; s*ee also Close v. United States*, 336 F.3d 1283 (11th Cir. 2003) (emphasis added).

limitations purposes on March 23, 2015. The instant Motion did not commence until February 5, 2019, well beyond one year after his conviction and sentence became final. Therefore, the Motion is untimely filed pursuant to § 2255(f)(1).

This does not, however, end the inquiry. In the proper case, § 2255's period of limitations may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); *Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition.").

Here, the Movant is asserting that he is entitled to equitable tolling because he was deported from the United States following the completion of his 2014 sentence and did not "have a chance" to file a motion to vacate until he was able to return to the country. (DE #1 at 12). However, to be entitled to equitable tolling or the application of § 2255(f)(4), Movant must first show that he diligently pursued his rights. He has not done so here. The Movant merely asserts that he did not "have a chance" to assert his rights. Other than Movant's conclusory assertions, there is no

6

support in the record for his assertion that he was prohibited from pursuing a Section 2255 motion.

Moreover, even if the undersigned were to find that Movant diligently pursued his § 2255 motion. He, nonetheless, failed to file a § 2255 motion until 2019, almost four years *after* the statute of limitations had expired. While Movant may have subjectively believed that he could not properly file a § 2255 motion when he was no longer in the jurisdiction, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); s*ee also Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). Further, under § 2255(f)(4), the time begins to run when movant knows, or through due diligence, could have discovered, the important facts for his or her claims, not when movant recognizes the facts' legal significance. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

In sum, the Movant has not shown that he has exercised reasonable diligence and that extraordinary circumstances prevented him from timely filing this motion to vacate. The Movant has not come forward with anything to suggest that equitable

7

tolling should be applied in this case. Nor has he shown that the limitations period should be extended based upon § 2255(f)(4).

## IV. Conclusion

For the foregoing reasons, it is therefore recommended that Movant, Robert Paul McCray's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 be dismissed and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiffs from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 1st day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Robert Paul McRay
98273-004
Big Spring CI
Correctional Institution
Inmate Mail/Parcels
2001 Rickabaugh Drive
Big Spring, TX 79720
PRO SE